UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| In re:<br>    ROBERT E. EDEN<br>Debtor. | Case No. 17-11055<br>Chapter 7 |
|---|---|

## APPLICATION TO AUTHORIZE THE CHAPTER 7 TRUSTEE TO SELL DEBTOR'S INTEREST IN CERTAIN PROPERTY

Joseph M. DiOrio, the Chapter 7 trustee (the "Trustee") in the above-captioned case, files this Application ("Application"), pursuant to 11 U.S.C. § 363(b), Bankruptcy Rules 2002, and 6004; and Local Rules 1005-1 and 6004-1 seeking entry of an Order authorizing the Trustee to sell property under 11 U.S.C. § 363(b) at a private sale. In support of this Application, the Trustee states as follows:

### JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). The statutory basis for the relief requested herein is Title 11 of the United States Code (the "Bankruptcy Code").

### BACKGROUND FACTS

2. The Debtor, Robert E. Eden (the "Debtor") filed a voluntary petition on June 23, 2017 (the "Filing Date"), and subsequently, the United States Trustee appointed Joseph M. DiOrio to act as the Chapter 7 trustee.

3. The Debtor filed his missing schedules on July 24, 2017.

4. On July 28, 2017, the Trustee conducted the 11 U.S.C. § 341 meeting of creditors ("341 Meeting") during which the Debtor testified that he believed he transferred his one half interest in a Mooney Airplane (the "Airplane"). Debtor's Schedule A/B lists the Debtor's one

half interest in the Airplane that is co-owned with one David Miller ("Miller"). The Debtor's Schedule A/B describes the Airplane as a 1965 Mooney M20E airplane valuing the entire property at $20,000,000 and the portion that is owned by the Debtor at $10,000.00.

5. The Debtor does not list an exemption for the Airplane.

6. After the Trustee filed his Motion for 2004 Examination of David Miller, he was contacted by Miller who notified the Trustee that the Debtor did not transfer his one-half interest to Miller. Subsequently Miller expressed his interest in purchasing the Debtor's interest in the property and provided the Trustee with certain documents for his review.

## VALUATION OF THE PROPERTY

7. Miller presented an aircraft valuation prepared by the AOPA Aircraft Valuation Service presenting a market value of the Property at $16,000.00.

8. On November 20, 2017, the Trustee filed an Application to Employ Dean Ponte and Irving Shechtman & Company, Inc. (the "Appraiser") to conduct an appraisal of the Airplane.

9. As of December 27, 2017, the Appraiser provided the Trustee with an appraisal valuing the Airplane at $15,000.00 to $17,000.00.

10. The Trustee and Miller have engaged in negotiations regarding the sale of the Property and the Debtor's interest therein. As a result of these negotiations, and subject to approval by this Court, the Trustee has received the following offer to purchase the Debtor's interest in the Airplane from Miller, which the Trustee recommends, in his business judgment:

   a. A payment of $8,000.00 ("Settlement Amount") by Miller to the Trustee on behalf of the bankruptcy estate in exchange for a Trustee's Bill of Sale conveying the interest of the Debtor in the Airplane to Miller; and

b. A waiver by Miller of approximately $1,226.00 in expenses in the maintenance of the Airplane owed by the Debtor prior to the bankruptcy Filing Date and post Filing Date.

11. Upon the timely delivery by Miller of the Purchase Amount in good funds, the Trustee will deliver to Miller a Trustee's Bill of Sale transferring the Debtor's interest in the Airplane to Miller.

## STANDARD

Under 11 U.S.C. § 363(b), "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate…" Bankruptcy Rule 6004(f)(1) provides that "[a]ll sales not in the ordinary course of business may be by private sale or by auction." See In re NEPSCO, Inc., 36 B.R. 25, 26 (Bankr. D. Me. 1983) (thrust of § 363(b) sale is to provide maximum flexibility to the trustee with respect to the manner of sale); 3-363 Collier on Bankruptcy P 363.02 (trustee in a liquidation or rehabilitation case has ample administrative flexibility in the conduct of sales).

The Trustee believes that the proposed private sale approximates the fair value of the Airplane. Moreover, under 11 U.S.C. § 363(i), Miller has a right to pursue the estate's interest in the Airplane at the price any other is willing to pay. This makes it more difficult to market the sale. For these reasons, the Trustee, exercising his business judgment, requests that this Court approve the Motion and enter such further relief as it deems just and proper.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order:

(i) granting this Motion and authorizing the Trustee to sell the Debtor's interest in the Property to David Miller for $8,000.00 in accordance with the terms described herein;

    (ii)    approving the waiver of David Miller's pre-petition and post-petition claims against the bankruptcy estate;

    (iii)    authorizing the Trustee to execute the documents necessary to effectuate the proposed sale and compromise; and

    (iv)    granting such other and further relief as may be just and proper.

### NOTICE

**WITHIN TWENTY-ONE (21) DAYS AFTER SERVICE, IF SERVED ELECTRONICALLY, AS EVIDENCED BY THE CERTIFICATION, AND AN ADDITIONAL THREE (3) DAYS PURSUANT TO FED. R. BANK. P. 9006(F) IF SERVED BY MAIL, OR OTHER EXCEPTED MEANS SPECIFIED, ANY PARTY AGAINST WHOM SUCH PAPER HAS BEEN SERVED, OR ANY OTHER PARTY WHO OBJECTS TO THE RELIEF SOUGHT, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPRIATE RESPONSE TO SAID PAPER WITH THE BANKRUPTCY COURT CLERK'S OFFICE, 380 WESTMINSTER STREET, 6TH FLOOR, PROVIDENCE, RI 02903, (401) 626-3100. IF NO OBJECTION OR OTHER RESPONSE IS TIMELY FILED, THE PAPER WILL BE DEEMED UNOPPOSED AND WILL BE GRANTED UNLESS; (1) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (2) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (3) IN THE OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES OTHERWISE.**

                                              Respectfully Submitted,
                                              Joseph M. DiOrio, Chapter 7 Trustee
                                              By his Attorneys,

                                              */s/ Joseph M. DiOrio*
                                              Joseph M. DiOrio, Esq. (#2616)
                                              DiOrio Law Office
                                              144 Westminster Street, Suite 302
                                              Providence, Rhode Island 02903
                                              (401) 632-0911/ Fax: (401) 632-0751
                                              jmdiorio@dioriolaw.com

Dated: January 18, 2018

# **CERTIFICATE OF SERVICE**

  I hereby certify that on **January 18, 2018**, I electronically filed the foregoing document in the above-captioned matter with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF system. CM/ECF participants will receive notice electronically.

- Samuel C. Bodurtha (sbodurtha@hinshawlaw.com, mambers@hinshawlaw.com)
- Gary L. Donahue (ustpregion01.pr.ecf@usdoj.gov)
- Richard J. Land (rland@crfllp.com, jgauthier@crfllp.com)
- Theodore Orson (torson@orsonandbrusini.com, tpecchia@orsonandbrusini.com)
- Russell D. Raskin (dawn@raskinberman.com, raskinberman@gmail.com, mail@raskinberman.com, raskinbermanecf@gmail.com)
- Ethan Zachary Tieger (etieger@hinshawlaw.com, mtervo@hinshawlaw.com)

  I further certify that on **January 18, 2018,** I caused all creditors and interested parties listed on the mailing matrix attached hereto as <u>Schedule A</u> to receive a copy of the document by United States Postal Service, postage pre-prepaid.

                       */s/ Amanda M. Perry*